UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HARRY W. MCELFRESH, ) | CASE NO. 3:16CV1364 |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | GEORGE J. LIMBERT |
| ) | |
| CAROLYN W. COLVIN[1], ) | |
| ACTING COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter is before the undersigned on a motion to dismiss filed by Defendant Commissioner of Social Security ("Defendant") on September 26, 2016. ECF Dkt. #12. In the motion to dismiss, Defendant asserts that Plaintiff Harry W. McElfresh's ("Plaintiff") complaint should be dismissed because the complaint was not timely filed. *Id.* at 1. Plaintiff did not file a response.

For the following reasons, the Court GRANTS Defendant's motion to dismiss (ECF Dkt. #12) and DISMISSES Plaintiff's complaint in its entirety with prejudice.

**I.    PROCEDURAL HISTORY**

Plaintiff filed the instant suit on June 6, 2016. ECF Dkt. #1. The parties consented to the jurisdiction of the undersigned on July 25, 2016. ECF Dkt. #10. On September 26, 2016, Defendant filed the motion to dismiss currently at issue and the transcript of proceedings before the Social Security Administration (the "Transcript"). ECF Dkt. #12. Per the Court's Initial Order, issued on June 16, 2016, Plaintiff had thirty days following the filing of the Transcript to file a brief on the merits of his case. ECF Dkt. #6. This thirty-day period has since passed with no brief having been filed by Plaintiff. Likewise, the thirty-day period for Plaintiff to respond to Defendant's motion to dismiss has passed with no response having been filed. *See* Local Rule 7.1.

---

[1]On February 14, 2013, Carolyn W. Colvin became the acting Commissioner of Social Security, replacing Michael J. Astrue.

## II.  ANALYSIS

In the motion to dismiss, Defendant asserts that Plaintiff's case is barred by Section 205(g) of the Social Security Act (the "Act"), and thus should be dismissed with prejudice.  ECF Dkt. #12 at 2-4.  Sections 205(g) and 205(h) of the Act authorize judicial review in cases arising under Title II of the Act.  *See* 42 U.S.C. §§ 205(g)-(h).  42 U.S.C. § 205(g) provides:

> Any individual, after any final decision of [Defendant] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as [Defendant] may allow.

42 U.S.C. § 205(h) then provides:

> No findings of fact or decision of [Defendant] shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, [Defendant] or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 26, United States Code, to recover on any claim arising under this subchapter.

Accordingly, 42 U.S.C. § 205(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Act, such as the instant case.

Per 42 U.S.C. § 205(g), a claimant must file a civil action in federal district court within sixty days after receiving notice of any final decision issued by Defendant to obtain review of that decision.  The date of receipt is presumed to be five days after the date of such notice, unless the claimant can show that the date of receipt was outside of the five-day period.  20 C.F.R. §§ 404.901, 422.210(c).  The Notice of Appeals Council Action, the final decision issued by Defendant in this case, was issued on March 25, 2016.  Plaintiff has not shown, or attempted to show, that he received the final decision outside of the five-day period presumed for receipt.  Accordingly, the sixty-day period to commence a civil action, preceded by the five-day period presumed for receipt of notice of the final decision, expired on May 29, 2016.  Defendant correctly asserts that since May 29, 2016, was a Sunday, and May 30, 2016, was a holiday, Plaintiff was required to commence his civil action on or before May 31, 2016.  *See* Fed. R. Civ. P. 6(a)(1)(C).  Plaintiff did not commence the instant suit until June 6, 2016.[2]  ECF Dkt. #1.  Further, Plaintiff makes no indication that any basis for

---

[2] Plaintiff dated his complaint June 9, 2016, however, the complaint was filed in the CM/ECF system on June 6, 2016.  *See* ECF Dkt. #1 at 1.  In any event, Plaintiff's case is time-barred for the reasons provided

equitable tolling exists, and, in any event, Plaintiff has not actively pursued his judicial remedies as he has not filed a brief on the merits and has not responded to Defendant's motion to dismiss. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).[3] Consequently, Plaintiff's case is barred by Section 205(g) of the Act, and it is proper to dismiss the case with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss (ECF Dkt. #12) and DISMISSES Plaintiff's complaint in its entirety with prejudice.

Date: November 8, 2016      */s/George J. Limbert*
                                         GEORGE J. LIMBERT
                                         UNITED STATES MAGISTRATE JUDGE

---

herein.

[3]In *Irwin*, the Supreme Court of the United States held:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been tricked by his adversary's misconduct into allowing the filing date to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligences in preserving his legal rights.

498 U.S. at 96 (internal citations omitted).